UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-154-H

JOHN D. McLAUGHLIN                                                                              PLAINTIFF

V.

CSX TRANSPORTATION, INC.                                                                    DEFENDANT
                                                                                   THIRD PARTY PLAINTIFF

V.

CATTRON-THEIMEG, INC.                                                       THIRD PARTY DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The Court now considers the motion of the Third Party Defendant, Cattron-Theimeg, Inc. ("Cattron"), to stay the current proceedings and compel arbitration of the dispute between it and Defendant, CSX Transportation, Inc. ("CSX").

Plaintiff, McLaughlin, filed this action against CSX, alleging that while he was employed as a conductor working in the Osborn Yard in Louisville, he was injured when a remote control device malfunctioned causing the locomotive to automatically apply its emergency brakes. When this happened, McLaughlin was thrown off the train and allegedly sustained injuries. McLaughlin claims that CSX violated the Federal Employers Liability Act, 45 U.S.C. § 51, *et seq*. ("FELA") as well as the Locomotive Inspection Act, 49 U.S.C. § 20701, *et seq*. by providing an unsafe remote control device that was not in a proper condition to be safely operated without unnecessary danger of personal injury to the operator.

In November, 2006, CSX filed a third party complaint adding Cattron as a Defendant

alleging that Cattron manufactured and sold the operating control unit and that it had promised to indemnify CSX for any injuries that arose out of its use. The Cattron-CSX Agreement also contained an `arbitration provision, which Cattron now asserts requires a stay of the current third party proceedings.

CSX does not argue that the arbitration agreement is invalid.  Indeed, arbitration agreements are strongly favored, though a party may waive that right either expressly or implicitly.  *O.J. Distributing, Inc. v. Hornell Brewing Company*, 340 F.3d 345, 365 (6th Cir. 2003).  Waiver will only be recognized, however, where the party opposing arbitration shows specific conduct completely inconsistent with an intent to arbitrate and some prejudice to itself due to the subsequent demand of arbitration.  *Id.* at 356.[1]

This case presents a close call.  On one hand, Cattron never expressly waived its contractual right to arbitrate this dispute and, in fact, has always asserted the arbitration defense in its answers to the third party complaint.  On the other hand, it did not move for a stay throughout one and half years of litigation and it actively participated in that litigation.  Many of its actions were entirely inconsistent with the idea of arbitrating its dispute with CSX.  The question of contractual indemnity is one which might easily and naturally be decided at the same time as CSX's liability under the various federal statutes.  Consequently, CSX is inconvenienced by not having the indemnity issue resolved with the liability claims against it.

Most significant, Cattron waited until one month prior to the scheduled trial date to assert its arbitration rights directly.  By waiting so long, while voluntarily sampling the litigation

---

[1] The Court does not find *American Locomotive Co. v. Gyro Process Co., et al.*, 185 F.2d 316, 319-20 (6th Cir. 1950), to be particularly relevant or helpful in these entirely different circumstances.

process, the Court concludes that Cattron has waived the right to now obtain a stay to which it might earlier have been entitled.

The Court recognizes that Cattron may well avail itself of the interlocutory appeal provisions contained in the 1988 Judicial Improvements and Access to Justice Act, 9 U.S.C. § 16. Such an appeal, if taken, might well be accompanied by a motion in this Court to stay any proceedings relative to the CSX/Cattron dispute. Regardless, none of these actions should have any impact upon the trial of McLaughlin's underlying claims. The Court makes its ruling irrespective of its potential inconsequence.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion of Cattron-Theimeg, Inc., to stay the third party proceedings and compel arbitration is DENIED.

cc:     Counsel of Record